## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | **CV 21-0199 FMO (JPRx)** | Date | **January 27, 2021** |
|---|---|---|---|
| Title | **Brian Burrows v. FCA US, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:        (In Chambers) Order Remanding Action**

On November 16, 2020, Brian Burrows ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against FCA US, LLC ("defendant") asserting claims under California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code §§ 1790 et seq., as well as the Magnuson-Moss Warranty Act ("Magnuson-Moss"), 15 U.S.C. §§ 2301 et seq., arising from his purchase of a vehicle in 2020. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 2, 18); (Dkt. 1-3, Exh. B, Complaint at ECF 18, 20-25[1]). Defendant removed the action on diversity jurisdiction and federal question grounds. (See Dkt. 1, NOR at ¶¶ 12-28).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 33, 123 S.Ct. 366, 370 (2002); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding

---

[1] The court uses ECF numbers to refer to pages in the complaint because the paragraphs in the complaint are not sequentially numbered. (See, generally, Dkt. 1-3, Exh. B, Complaint).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

JS - 6

| Case No. | **CV 21-0199 FMO (JPRx)** | Date | **January 27, 2021** |
|---|---|---|---|
| Title | **Brian Burrows v. FCA US, LLC** | | |

the action to state court.[2]  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The court's review of the NOR and state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity or federal question jurisdiction.  Therefore, removal was improper.  See 28 U.S.C. § 1441(a).

Defendant contends that the amount-in-controversy thresholds for diversity jurisdiction ($75,000) and federal question jurisdiction based on 15 U.S.C. § 2301 ($50,000) are met based on the amount of the subject vehicle and plaintiff's request for civil penalties.  (See Dkt. 1, NOR at ¶ 22); see also 28 U.S.C. § 1332(a) ("[D]istrict courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000[.]"); 15 U.S.C. § 2310(d)(3)(B) ("No claim shall be cognizable . . . if the amount in controversy is less than the sum or value of $50,000[.]").  However, defendant fails to take into account any reduction for the use of the vehicle, (see, generally, Dkt. 1, NOR), and thus has failed to show that the amount in controversy exceeds the jurisdictional threshold, whether jurisdiction is premised on diversity of citizenship or plaintiff's federal claim.[3]  See Schneider v. Ford Motor Co., 756 F.Appx. 699, 701 n. 3 (9th Cir. 2018) ("Consideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy as the Ninth Circuit has "recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.") (internal quotation marks omitted); see, e.g., Mullin v. FCA US, LLC, 2020 WL 2509081, *3 (C.D. Cal. 2020) ("Because Defendants neglected to take the mileage offset into account, they failed to meet their burden of showing Plaintiff's actual damages based on the purchase price of the vehicle."); Maciel v. BMW of N. Am., LLC, 2017 WL 8185859, *2 (C.D. Cal. 2017) (finding amount in controversy not satisfied given defendant's failure to consider set-off amount); Chavez v. FCA US LLC, 2020 WL 468909, *2 (C.D. Cal. 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain.").[4]

---

[2]  An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[3]  Under the Song-Beverly Act, a plaintiff is entitled to restitution "in an amount equal to the actual price paid or payable by the buyer" less the reduction in value "directly attributable to use by the buyer."  Cal. Civ. Code § 1793.2(d)(2)(B)-(C).

[4]  Given the above, defendant has failed to show that plaintiff's other requests for relief satisfy the amount in controversy.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| Case No. | **CV 21-0199 FMO (JPRx)** | Date | **January 27, 2021** |
|----------|---------------------------|------|----------------------|
| Title | **Brian Burrows v. FCA US, LLC** | | |

     Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden.  Thus, there is no basis for diversity jurisdiction, or federal jurisdiction based on 15 U.S.C. § 2301.

     **This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

     Based on the foregoing, IT IS ORDERED THAT:

     1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

     2.  The Clerk shall send a certified copy of this Order to the state court.

     3.  Any pending motion is denied as moot.

Initials of Preparer       vdr